## DAVIS ET AL. V. RIVERS ET AL.

1. **Venue:** PREJUDICE OF COURT: JUDGE MAY OVERRULE APPLICATION.
    An application having been made for a change of venue on the ground
    of prejudice of the court, purporting to be supported by the affidavit
    of the requisite number of persons, whom the applicant refused to
    designate to an officer, that they might be produced for cross-ex-
    amination, it was competent for the court, upon being satisfied that
    the application was made solely for the purpose of delay, not in good
    faith, and without any ground therefor, to overrule the application.

*Appeal from Polk Circuit Court.*

FRIDAY, OCTOBER 25.

ACTION to foreclose a mortgage. The defendant Rivers
applied for a change of place of trial to the District Court, on
the ground of prejudice of the circuit judge. His motion was
supported by an affidavit in due form, and purported to be
signed by the requisite number of persons. The plaintiff
moved that the persons whose names appeared to the affida-
vit be produced by defendant Rivers for cross-examination in
open court. The motion was sustained, and the defendant
Rivers excepted, and declined to produce the persons. Evi-
dence was then introduced by the plaintiffs tending to show
that the persons whose names appeared to the affidavit could
not be found in Polk county; that such persons were not
known in Polk county; that a subpœna for them was placed
in the hands of the deputy sheriff, who inquired of defendant
where they could be found, and defendant refused to state;
that defendant did not claim to have a defense to the action;
that he had previously applied for a change in place of trial
of a case in which he was a party from the District Court to
the Circuit Court, on account of the prejudice of the district
judge, and that the application now made for a change of
place of trial of this case from the Circuit Court to the Dis-

Davis v. Rivers.

trict Court, on account of the prejudice of the circuit judge, is for delay. The judge then made a statement, which is in these words: "There never has been any personal difficulty or any misund⸣ ⸢nding, in any way whatever, between Mr. Rivers and my       I know of no reason for his making affidavits in this ca⸣ ⸢except for the purpose of delay, which I believe is the fac⸣

The court over⸣ ⸢ed the motion for a change of venue, and the defendant excepts. Default having been made, judgment was rendered for plaintiffs. Defendant appeals.

*John D. Rivers*, appellant, *pro se.*

*Phillips, Goode & Phillips*, for appellees.

ADAMS, J.—Section 2590 of the Code provides that a change of the place of trial in any civil action may be had when either party files an affidavit, etc. The defendant contends that he has complied with this section fully, and that the court had no discretion in regard to the allowance of the change. Whether this be so or not, where the affidavit filed is really what it purports to be, the court must, we think, be regarded as having the right to use all reasonable means to protect itself against imposition. If the court was wholly unaware of the existence of prejudice, and had no knowledge of the disinterested persons whose names purport to be attached to the affidavit, it would have reason to suppose that such persons did not exist, or had not made the affidavit. In such case it appears to us that it is the plain duty of the court to require that the disinterested persons be produced, to the end that the court may satisfy itself that the affidavit filed was made by the persons whose names purport to be attached to it. When, in this case, the persons could not be found, and the defendant refused to give information concerning them, and various suspicious circumstances were shown, it appears to us that the court was

1. VENUE: prejudice of court: judge may overrule application.

justified in concluding that the affidavit was not made as it purported to be. We think that the application for a change of place of trial was properly denied.

AFFIRMED.