## BERGER ET AL. *v.* UNITED STATES.

CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE SEVENTH CIRCUIT.

No. 460. Argued December 9, 1920.—Decided January 31, 1921.

1. Upon the filing of an affidavit of a party to a case in the District Court, in conformity with Jud. Code, § 21, averring the affiant's belief that the judge before whom the case is to be tried has a per-

sonal bias or prejudice against him, and stating facts and reasons, substantial in character and which, if true, fairly establish a mental attitude of the judge against the affiant which may prevent impartiality of judgment, it becomes the duty of the judge to retire from the case. P. 30.

2. The judge may pass upon the sufficiency of the affidavit, but not upon the truth or falsity of the facts alleged. *Id.*

3. The facts may be alleged upon the affiant's information and belief. P. 34.

4. *Held*, that the affidavit filed in this case was sufficient.

THE case is stated in the opinion.

*Mr. Seymour Stedman* and *Mr. Henry F. Cochems* for Berger *et al.*

*The Solicitor General* for the United States:

Unless the affidavit complies with the requirements of § 21, Jud. Code, it can have no effect, and the judge against whom it is directed can properly proceed with the trial.

*Glasgow* v. *Moyer*, 225 U. S. 420, and *Ex parte American Steel Barrel Co.*, 230 U. S. 35, 45, establish that when a judge holds that the affidavit is not filed in time, or is insufficient in law, or, for any reason, overrules the application and continues in the case, his action is subject to review and, if improper, to reversal by an appellate court, but that, unless his acts are so reviewed and reversed, they are not void. The latter case shows, moreover, very clearly, what must appear before the judge can be disqualified.

It is believed that the following cases, viz: *Henry* v. *Speer*, 201 Fed. Rep. 869, 872; *Ex parte N. K. Fairbank Co.*, 194 Fed. Rep. 978; *Ex parte Glasgow*, 195 Fed. Rep. 780; and *In re Equitable Trust Co.*, 232 Fed. Rep. 836—are all in which the lower federal courts have construed this section. There is unanimity in holding: (1) That upon the filing of the affidavit the trial judge must deter-

mine whether it is filed in time and whether its statements are sufficient in law to comply with the statute; (2) that his action in this regard is judicial and subject to review upon writ of error or appeal, but not to collateral attack as being void; (3) that § 21 applies only to those cases in which the affiant can state facts which tend to show personal prejudice or bias; (4) that the prejudice or bias which will disqualify a judge is prejudice or bias personal to the litigants and not merely arising out of a prejudgment of their case. Only one district judge has considered whether the judge may, under any circumstances, inquire into the truth or falsity of the statements made, and he held that, if the act denied this power under all circumstances, it would be unconstitutional.

A mere charge of bias and prejudice is a mere expression of an opinion. Bias or prejudice is a state of mind which can be proved only by facts and declarations from which it can be inferred. The act therefore requires that the facts and the reasons for the litigant's belief shall be stated. Whether the judge is disqualified depends, then, not upon the mere fact that prejudice has been charged, but upon the facts which it is alleged tend to show such prejudice. Unless the facts so alleged were intended to be considered and decided, by some authority, to have a tendency to prove prejudice, the requirement that they should be stated was an idle ceremony. Congress having excluded every other judge from doing so, the judge against whom the charge is made must pass upon the sufficiency of the affidavit before he retires from the case.

The affiant must state the facts of his own knowledge and not on information and belief. The statute requires that the *facts* shall be stated, so that action may not be based on mere belief. Obviously, it would be insufficient to allege that the affiant believes prejudice exists, because there is a rumor that the judge has done or said such and

such thing. This would not be a statement of fact except the bare fact that there is a prevalent rumor, and it is made no more a fact by adding that affiant believes the rumor to be true. A statement that some unnamed person has told him something about the judge's words or conduct would be equally insufficient. Nor would it be made any more sufficient by giving the name of his informant. The only fact which he would then state would be the fact that some third party had made a statement.

It was not contemplated or intended that the act would have very wide application. It could not have been intended that the judge should be disqualified upon a belief on the part of a litigant based upon rumor or mere idle gossip. Since it is only prejudice that is personal to the litigant, and therefore ordinarily grows out of some previous relations, dealings, or contact with the judge, the facts may well be supposed to be within the knowledge of the litigant. This is evidently the view taken of the statute in *Ex parte American Steel Barrel Co.,* *supra.* If any purpose is to be served by requiring a statement of facts, these must be facts which the litigant is able to state as of his own knowledge. Many of the facts upon which a person's civil rights depend are not within his personal knowledge. He has learned of them through others, and he knows witnesses by whose testimony he can prove them. He has the right to make an issue in court in order that he may prove the facts and have his rights determined. No judgment, however, can be predicated on any fact which he states merely on information and belief unless the fact is admitted by the opposite party or established by competent testimony. We are dealing now, however, with a case in which he is required to state facts, and not merely belief. It is not expected that any issue will be made or witnesses called to prove anything stated in the affidavit. The court is expected to act on the affidavit itself.

Even the facts stated in this affidavit on information and belief do not tend to show personal prejudice.

In the present case it is not necessary to determine whether a judge is bound in all circumstances to accept as true the statement of facts contained in an affidavit of prejudice, for in this case the judge apparently overruled the application because of the manifest insufficiency of the affidavit, without reference to its falsity, known to the judge and clearly proven by a stenographic report of his remarks in another case, excerpts from which were professedly quoted but in fact grossly distorted by the affidavit. But if the statute means this, there is a question for serious consideration whether it be not, as held by Jones, J., in *Ex parte N. K. Fairbank Co.*, 194 Fed. Rep. 978, unconstitutional. For it is a serious thing to say that a judge must practically brand himself in the records of his own court as unworthy and unfit merely because some litigant who, it may be, is utterly unscrupulous, has seen fit to file an affidavit falsely charging that he has done and said things which he has not done or said. To say this would put it in the power of every conscienceless litigant to insult and humiliate an honorable and high-minded judge at will, and leave that judge powerless to protect himself from the disgrace of a record showing that he is so prejudiced as to be unfit to hold his office.

MR. JUSTICE McKENNA delivered the opinion of the court.

Section 21 of the Judicial Code provides as follows:

"Whenever a party to any action or proceeding, civil or criminal, shall make and file an affidavit that the judge before whom the action or proceeding is to be tried or heard has a personal bias or prejudice either against him or in favor of any opposite party to the suit, such judge

shall proceed no further therein, but another judge shall be designated in the manner prescribed in the section last preceding, or chosen in the manner prescribed in section twenty-three, to hear such matter. Every such affidavit shall state the facts and the reasons for the belief that such bias or prejudice exists, . . . No party shall be entitled in any case to file more than one such affidavit; and no such affidavit shall be filed unless accompanied by a certificate of counsel of record that such affidavit and application are made in good faith. The same proceedings shall be had when the presiding judge shall file with the clerk of the court a certificate that he deems himself unable for any reason to preside with absolute impartiality in the pending suit or action."

February 2, 1918, there was returned into the District Court of the United States for the Northern District of Illinois, an indictment against plaintiffs in error (it will be convenient to refer to them as defendants), charging them with a violation of the Act of Congress of June 15, 1917, known as the Espionage Act, c. 30, 40 Stat. 217.[1] In due time they invoked § 21 by filing an affidavit charging Judge Landis, who was to preside at the trial, with personal bias and prejudice against them, and moved for the assignment of another judge to preside at the trial. The motion was denied and upon the trial defendants were convicted and each sentenced to twenty years' imprisonment. From the judgment and sentence they took

---

[1] "Whoever, when the United States is at war, shall willfully make or convey false reports or false statements with intent to interfere with the operation or success of the military or naval forces of the United States or to promote the success of its enemies and whoever, when the United States is at war, shall willfully cause or attempt to cause insubordination, disloyalty, mutiny, or refusal of duty, in the military or naval forces of the United States, or shall willfully obstruct the recruiting or enlistment service of the United States, shall be punished . . . ."

the case to the United States Circuit Court of Appeals for the Seventh Circuit. That court, reciting that certain questions of law under § 21 have arisen upon the affidavit and motion upon which the court is in doubt and upon which it desires the advice and instructions of this court, certifies questions of the sufficiency of the affidavit and of the duty of the judge thereunder, and also certifies the affidavit and other proceedings upon such motion.

The affidavit, omitting formal and unnecessary parts, is as follows: Petitioners (defendants) represent "that they jointly and severally verily believe that His Honor Judge Kenesaw Mountain Landis has a personal bias and prejudice against certain of the defendants, to wit: Victor L. Berger, William F. Kruse and Adolph Germer, defendants in this cause, and impleaded with J. Louis Engdahl and Irwin St. John Tucker, defendants in this case. That the grounds for the petitioners' beliefs are the following facts: That said Adolph Germer was born in Prussia, a state or province of Germany; that Victor L. Berger was born in Rehback, Austria; that William F. Kruse is of immediate German extraction; that said Judge Landis is prejudiced and biased against said defendants because of their nativity, and in support thereof the defendants allege, that, on information and belief, on or about the 1st day of November said Judge Landis said in substance: 'If anybody has said anything worse about the Germans than I have I would like to know it so I can use it.' And referring to a German who was charged with stating that 'Germany had money and plenty of men and wait and see what she is going to do to the United States,' Judge Landis said in substance: 'One must have a very judicial mind, indeed, not be to prejudiced against the German Americans in this country. Their hearts are reeking with disloyalty. This defendant is the kind of a man that spreads this kind of propaganda and it has been spread until it has affected practically all the Ger-

mans in this country. This same kind of excuse of the
defendant offering to protect the German people is the
same kind of excuse offered by the pacifists in this country,
who are against the United States and have the interests
of the enemy at heart by defending that thing they call
the Kaiser and his darling people. You are the same
kind of a man that comes over to this country from Ger-
many to get away from the Kaiser and war. You have
become a citizen of this country and lived here as such,
and now when this country is at war with Germany you
seek to undermine the country which gave you protection.
You are of the same mind that practically all the German-
Americans are in this country, and you call yourselves
German-Americans. Your hearts are reeking with dis-
loyalty. I know a safeblower, he is a friend of mine, who
is making a good soldier in France. He was a bank robber
for nine years, that was his business in peace time, and
now he is a good soldier, and as between him and this
defendant, I prefer the safeblower.'

"These defendants further aver that they have at no
time defended the Kaiser, but on the contrary they have
been opposed to an autocracy in Germany and every
other country; that Victor L. Berger, defendant herein,
editor of the Milwaukee Leader, a Socialist daily paper;
Adolph Germer, National Secretary of the Socialist party;
William F. Kruse, editor of the Young Socialists Magazine,
a Socialist publication; and J. Louis Engdahl disapproved
the entrance of the United States into this war.

"Your petitioners further aver that the defendants
Tucker and Engdahl were born in the United States and
were not born in enemy countries, and are not immediate
descendants of persons born in enemy countries, but
verily believe because they are impleaded with Berger,
Kruse and Germer that they as well as Berger, Germer
and Kruse can not receive a fair and impartial trial, and
that the prejudice of said Judge Landis against said

Berger, Germer and Kruse would prejudice the defense of said defendants Tucker and Engdahl impleaded in this case."

The affidavit was accompanied by the certificate of Seymour Stedman, attorney for defendants, that the affidavit and application were made in good faith.

The questions certified are as follows:

(1) Is the aforesaid affidavit of prejudice sufficient to invoke the operation of the act which provides for the filing of affidavit of prejudice of a judge?

(2) Did said Judge Landis have the lawful right to pass upon the sufficiency of the said affidavit of his prejudice, or upon any question arising out of the filing of said affidavit?

(3) Upon the filing of the said affidavit of prejudice of said Judge Landis, did the said Judge have lawful right and power to preside as judge on the trial of plaintiffs in error upon said indictment?

The basis of the questions is § 21, and the primary question under it is the duty and power of the judge,— whether the filing of an affidavit of personal bias or prejudice compels his retirement from the case or whether he can exercise a judgment upon the facts affirmed and determine his qualification against them and the belief based upon them?

These alternatives present the contentions in the case. Defendants contend for the first; the United States contends for the second. The assertion of defendants is that the mandate of the section is not subject to the discretion or judgment of the judge. The assertion of the United States is that the motion and its supporting affidavit, like other motions and their supporting evidence, are submitted for decision and the exercise of the judicial judgment upon them. In other words, the action of the affidavit is not "automatic," to quote the Solicitor General, but depends upon the substance and merit of its reasons and the truth of its facts, and upon both the judge has

jurisdiction to pass. The issue is, therefore, precise, and while not in broad compass is practically of first impression as now presented.

In *Glasgow v. Moyer*, 225 U. S. 420, the section was referred to but not passed upon. In *Ex parte American Steel Barrel Co.*, 230 U. S. 35, the phase of the section presented here was not presented. There proceedings in bankruptcy had progressed to a decree of adjudication, and the judge who had conducted them was charged by certain creditors with bias and prejudice based on his rulings in the case. Such use of § 21 was disapproved. "It was never intended," it was said, "to enable a discontented litigant to oust a judge because of adverse rulings made, for such rulings are reviewable otherwise, but to prevent his future action in the pending cause." As pertinent to the comment and to the meaning of § 21, we may say, that Judge Chatfield, against whom the affidavit was directed, said that he felt that the intention of § 21 was "to cause a transfer of the case, without reference to the merits of the charge of bias," and he did so immediately, in order, as he said, "that the application of the creditors" might "be considered as speedily as possible by such Judge as" might "be designated." Another judge was designated and to restrain action by the latter and vacate the orders that he had made, and to command Judge Chatfield to resume jurisdiction, mandamus was sought. It was denied. The case establishes that the bias or prejudice which can be urged against a judge must be based upon something other than rulings in the case.

The cases at circuit in which § 21 was considered have not much guidance. They, however, deserve attention. *Ex parte N. K. Fairbank Co.*, 194 Fed. Rep. 978, may be considered as expressing power in the presiding judge to pass upon the sufficiency of the facts affirmed. In *Ex parte Glasgow*, 195 Fed. Rep. 780, the question came up

upon an application for a writ of *habeas corpus* and it
appeared that the affidavit of bias was not filed until after
trial of the case and when the court was about to pass
upon a motion in arrest of judgment and new trial. It
was held that § 21 was not applicable at such stage of
the proceedings. *Henry* v. *Speer*, 201 Fed. Rep. 869, was
a petition for mandamus to require an affidavit of bias
against District Judge Speer to be certified to the senior
circuit judge that the latter might determine its sufficiency,
and to restrain Judge Speer from exercising jurisdiction
of the case. The writ was refused on the ground that the
affidavit did not conform to § 21 in that it omitted to
charge "personal" bias, a charge of such bias, it was held,
being a necessary condition. The court, (Circuit Court
of Appeals for the Fifth Circuit), by Judge Meek, said,
"Upon the making and filing by a party of an affidavit
under the provisions of section 21, of necessity there is
imposed upon the judge the duty of examining the affidavit
to determine whether or not it is the affidavit specified
and required by the statute and to determine its legal
sufficiency. If he finds it to be legally sufficient then he
has no other or further duty to perform than that pre-
scribed in section 20 of the Judicial Code. He is relieved
from the delicate and trying duty of deciding upon the
question of his own disqualification." This comment
sustains defendants' view of § 21 and marks a distinction
between determining the legal sufficiency of the affidavit
and passing upon the truth of its statements, a distinction
to which we shall presently advert.

The cases (one being excepted) to the extent they go,
militate against the contention of the Government and
they have confirmation in the words of the section. Their
declaration is that "whenever a party to any action or
proceeding, civil or criminal, shall make and file an affi-
davit that the judge before whom the action or proceed-
ing is to be tried or heard has a personal bias or prej-

udice either against him or in favor of any opposite
party to the suit, such judge shall proceed no further
therein, but another judge shall be designated . . .
to hear such matter." There is no ambiguity in the dec-
laration and seemingly nothing upon which construction
can be exerted—nothing to qualify or temper its words
or effect. It is clear in its permission and direction. It
permits an affidavit of personal bias or prejudice to be
filed and upon its filing, if it be accompanied by certificate
of counsel, directs an immediate cessation of action by
the judge whose bias or prejudice is averred, and in his
stead, the designation of another judge. And there is
purpose in the conjunction; its elements are complements
of each other. The exclusion of one judge is emphasized
by the requirement of the designation of another.

But it is said that there is modification of the absolutism
of the quoted declaration in the succeeding provision that
the "affidavit shall state the facts and the reasons for
the belief" of the existence of the bias or prejudice. It
is urged that the purpose of the requirement is to submit
the reality and sufficiency of the facts to the judgment
of the judge and their support of the averment or belief
of the affiant. It is in effect urged that the requirement
can have no other purpose, that it is idle else, giving an
automatism to the affidavit which overrides everything.
But this is a misunderstanding of the requirement. It
has other and less extensive use as pointed out by Judge
Meek in *Henry* v. *Speer, supra.* It is a precaution against
abuse, removes the averments and belief from the ir-
responsibility of unsupported opinion, and adds to the
certificate of counsel the supplementary aid of the penal-
ties attached to perjury. Nor do we think that this view
gives room for frivolous affidavits. Of course the reasons
and facts for the belief the litigant entertains are an
essential part of the affidavit, and must give fair support
to the charge of a bent of mind that may prevent or im-

pede impartiality of judgment. The affidavit of defend-
ants has that character. The facts and reasons it states
are not frivolous or fanciful but substantial and formidable
and they have relation to the attitude of Judge Landis'
mind toward defendants.

It is, however, said, that the assertion and the facts
are stated on information and belief and that hence the
affidavit is wholly insufficient, § 21 requiring facts to be
stated "and not merely belief." The contention is that
"the court is expected to act on the affidavit itself"
and that, therefore "the act of Congress requires facts—
not opinions, beliefs, rumors, or gossip." *Ex parte Ameri-
can Steel Barrel Co., supra,* is cited for the contention.
We do not know what counsel means by "opinions,
beliefs, rumors, or gossip." The belief of a party the
section makes of concern and if opinion be nearer to or
farther from persuasion than belief, both are of influence
and universally regarded as of influence in the affairs of
men and determinative of their conduct, and it is not
strange that § 21 should so regard them.

We may concede that § 21 is not fulfilled by the asser-
tion of "rumors or gossip" but such disparagement can-
not be applied to the affidavit in this case. Its statement
has definite time and place and character, and the value
of averments on information and belief in the procedure
of the law is recognized. To refuse their application to
§ 21 would be arbitrary and make its remedy unavailable
in many, if not in most, cases. The section permits only
the affidavit of a party, and *Ex parte American Steel
Barrel Co., supra,* decides, that it must be based upon
facts antedating the trial, not those occurring during the
trial. In the present case the information was of a defi-
nite incident, and its time and place were given. Besides,
it cannot be the assumption of § 21 that the bias or prej-
udice of a judge in a particular case would be known by
everybody, and necessarily, therefore, to deny to a party

the use of information received from others is to deny to him at times the benefit of the section.

We are of opinion, therefore, that an affidavit upon information and belief satisfies the section and that upon its filing, if it show the objectionable inclination or disposition of the judge, which we have said is an essential condition, it is his duty to "proceed no further" in the case. And in this there is no serious detriment to the administration of justice nor inconvenience worthy of mention, for of what concern is it to a judge to preside in a particular case; of what concern to other parties to have him so preside? And any serious delay of trial is avoided by the requirement that the affidavit must be filed not less than ten days before the commencement of the term.

Our interpretation of § 21 has therefore no deterring consequences, and we cannot relieve from its imperative conditions upon a dread or prophecy that they may be abusively used. They can only be so used by making a false affidavit; and a charge of, and the penalties of, perjury restrain from that—perjury in him who makes the affidavit, connivance therein of counsel thereby subjecting him to disbarment. And upon what inducement and for what achievement? No other than trying the case by one judge rather than another, neither party nor counsel having voice or influence in the designation of that other; and the section in its care permits but "one such affidavit."

But if we concede, out of deference to judgments that we respect, a foundation for the dread, a possibility to the prophecy, we must conclude Congress was aware of them and considered that there were countervailing benefits. At any rate we can only deal with the act as it is expressed and enforce it according to its expressions. Nor is it our function to approve or disapprove it; but we may say that its solicitude is that the tribunals of the

country shall not only be impartial in the controversies
submitted to them but shall give assurance that they are
impartial, free, to use the words of the section, from any
"bias or prejudice" that might disturb the normal course
of impartial judgment. And to accomplish this end the
section withdraws from the presiding judge a decision
upon the truth of the matters alleged. Its explicit declara-
tion is that, upon the making and filing of the affidavit,
the judge against whom it is directed "shall proceed no
further therein, but another judge shall be designated in
the manner prescribed in the section last preceding, or
chosen in the manner prescribed in section twenty-three,
to hear such matter." And the reason is easy to divine.
To commit to the judge a decision upon the truth of the
facts gives chance for the evil against which the section is
directed. The remedy by appeal is inadequate. It comes
after the trial and, if prejudice exist, it has worked its evil
and a judgment of it in a reviewing tribunal is precarious.
It goes there fortified by presumptions, and nothing can be
more elusive of estimate or decision than a disposition of
a mind in which there is a personal ingredient.

After overruling the motion of defendants for his dis-
placement, Judge Landis permitted to be filed a steno-
graphic report of the incident and language upon which
the motion was based. We, however, have not discussed
it because under our interpretation of § 21 it is excluded
from consideration.

We come then to the questions certified, and to the first
we answer, Yes, that is, that the affidavit of prejudice is
sufficient to invoke the operation of the act. To the second
we answer that, to the extent we have indicated, Judge
Landis had a lawful right to pass upon the sufficiency of
the affidavit. To the third we answer, No, that is, that
Judge Landis had no lawful right or power to preside as
judge on the trial of defendants upon the indictment.

*So ordered.*

MR. JUSTICE DAY, dissenting.

As this case is to settle the practice for this and similar cases which may arise in the federal courts, and as the opinion does not consider some aspects of the record, I venture to state the reasons which impel me to reach a different conclusion than that announced by the majority.

An examination shows that statutes exist in a number of States covering the subject under consideration. These statutes vary in character, and in the requirements for establishing the bias or prejudice of the judge which may require him to abstain from sitting at the trial of a particular case. In some of them an affidavit of belief of prejudice, or that a fair trial cannot be had before a particular judge, is sufficient to disqualify him. Other statutes require supporting affidavits and the certificate of counsel, and provide for a hearing on the matter of disqualification. In some States the matter is required to be heard before another judge.

The federal statute, now under consideration, had its origin in an amendment to the Judicial Code, introduced in the House of Representatives when the adoption of the Code was under consideration. As adopted in the House, the affidavit was required to set forth the reasons for the belief that personal bias or prejudice existed against the party, or in favor of the opposite party to the suit. (See Cong. Rec., vol. 46, part 3, p. 2626, *et seq.*)

When the bill came before the Senate the section was amended so as to require the facts, and the reasons for the belief that bias or prejudice existed, to be set forth, and the affidavit is required to be accompanied by a certificate of counsel of record that it and the application are made in good faith. (Sen. Doc., No. 848, 61st Cong., 3d sess.) It is thus apparent that the section in the form in which it finally became part of the Judicial Code intended that the bias or prejudice which should disqualify

a judge should be personal against the objecting party,
and that it should be established by an affidavit which
should set forth the reasons and facts upon which the
charge of bias or prejudice was based. The evident
purpose of this requirement was to require a showing of
such reasons and facts as should prevent imposition upon
the court, and establish the propriety of the affidavit of
disqualification. "It is not sufficient," said the late Mr.
Justice Brewer, when a member of the Supreme Court of
Kansas, in *City of Emporia* v. *Volmer,* 12 Kansas, 627,
"that a *prima facie* case only be shown, such a case as would
require the sustaining of a challenge to a juror. It must
be strong enough to overthrow the presumption in favor
of the trial-judge's integrity, and of the clearness of his
perceptions."

I accept the opinion of the majority that the judge.
under the requirements of this statute may pass upon the
sufficiency of the affidavit, subject to a review of his
decision by an appellate court, and, if it be sufficient to
show personal bias and prejudice, the judge should not
try the case. But I am unable to agree that in cases of
the character now under consideration the statement of
the affidavit, however unfounded, must be accepted by
the judge as a sufficient reason for his disqualification,
leaving the vindication of the integrity and independence
of the judge to the uncertainties and inadequacy of a
prosecution for perjury if it should appear that the affi-
davit contains known misstatements.

Notwithstanding the filing of the affidavit purporting
compliance with the statute, the court has a right to use
all reasonable means to protect itself from imposition.
*Davis* v. *Rivers,* 49 Iowa, 435. The personal bias or prej-
udice of the judge against the defendants in this case
is said to be established by language imputed to the judge
as his utterances concerning the attitude of the German
people during the progress of the war.

The affidavit filed contained a statement of alleged language of the judge, concerning a German who was "charged" with making the statements set forth. Upon receiving the affidavit the Judge at once inquired of counsel whether the language ascribed to him was not in fact uttered in connection with the disposition of the case of United States against one Weissensel in sentencing him after conviction by a jury of a violation of the Espionage Act in the same court. Counsel informed the Judge that such was the fact. The Judge asked counsel for Berger whether he had made any effort to ascertain the accuracy of the statement alleged to have been made by the court. Counsel replied that he had not. It would seem incredible that any judge could have made such statements concerning a defendant not yet tried in his court, in advance of trial and upon a mere charge of an offense. Counsel in open court admitted that the offending language was used in passing sentence after conviction in Weissensel's case.

Moreover, upon the affidavit being filed, and after this admission of counsel, the District Attorney offered in evidence a transcript of what took place and what was in fact said upon the sentencing of Weissensel. The Judge permitted this stenographic report, sworn to by an experienced stenographer, who made it, to be a true and correct report of the statements made and the proceedings had, to be put into the record, saying that the truth should be shown of record in connection with the falsity, although he was of opinion that the facts stated in the affidavit failed to establish bias or prejudice against the defendants which would disqualify him from sitting at the trial.

This stenographic report, sent up with the certificate and made part of it, and which there is no reason to believe fails to state accurately what took place, is in marked contrast with statements of the affidavit which the defendants made when seeking the disqualification of the

Judge. It shows, as we have already stated, that the utterances of the Judge were after conviction of Weissensel, and were made when he was passing sentence. It shows that the statement of the Judge concerning German-Americans was quite different from that stated in the affidavit, and referred to the type of man who had been convicted and was before him for sentence. The Judge in speaking of the convicted defendant said that he was of the type of man who branded almost the whole German-American population, and that one German-American, such as the defendant, talking such stuff did more damage to his people than thousands of them could overcome by being good and loyal citizens; and that he, the defendant, was an illustration of the occasional American of German birth whose conduct had done so much to damn the whole ten million in America. While this language might have been more temperate, there does not appear to be in it anything fairly establishing that the Judge directed his observations at the German people in general, but rather that his remarks were aimed at one convicted as was the defendant, of violation of law.

As I understand the opinion of the court, notwithstanding the admissions of counsel, and the sworn stenographic report of what took place, the affidavit must be accepted, and, if it discloses matters, which if true, would tend to establish bias and prejudice, the same must be given effect and the judge be disqualified. It does not seem to me that this conclusion comports with the requirements of the statute that reasons and facts must be set forth for the consideration of the judge. It places the federal courts at the mercy of defendants who are willing to make affidavits as to what took place at previous trials in the court, which the knowledge of the judge, and the uncontradicted testimony of an official report may show to be untrue, and in many districts may greatly retard the trial of criminal causes.

While, as I have said, in sentencing Weissensel the Judge might have been more temperate in his observations, I am unable to find that the statements of the affidavit, when read in connection with the admissions of counsel and the established facts as to what took place as gathered from the stenographic report, showed such evidence of personal bias or prejudice against the defendants as required the Judge upon the mere filing of this affidavit to permit its misleading statements to be placed of record, and to proceed no further with the case.

It does not appear that the trial judge had any acquaintance with any of the defendants, only one of whom was of German birth, or that he had any such bias or prejudice against any of them as would prevent him from fairly and impartially conducting the trial. To permit an *ex parte* affidavit to become in effect a final adjudication of the disqualification of a judge when facts are shown, such as are here established, seems to me to be fraught with much danger to the independent discharge of duties by federal judges, and to open a door to the abuse of the privilege which is intended to be conferred by the statute in question.

In my judgment the questions propounded, in the light of the disclosures of this record, should be answered as to the first: That the affidavit of prejudice, when read in the light of the other disclosures in the record, was insufficient to meet the requirements of the act. As to the second: That while the judge might have called upon another judge to pass upon the sufficiency of the affidavit, he had jurisdiction to pass upon it himself if he saw fit to do so. As to the third: That the mere filing of the affidavit did not require the judge to proceed no further with the trial of the defendants upon the accusation against them.

MR. JUSTICE PITNEY concurs in this dissent.

Mr. Justice McReynolds, dissenting.

I am unable to follow the reasoning of the opinion approved by the majority or to feel fairly certain of its scope and consequence. If an admitted anarchist charged with murder should affirm an existing prejudice against himself and specify that the judge had made certain depreciatory remarks concerning all anarchists, what would be the result? Suppose official stenographic notes or other clear evidence should demonstrate the falsity of an affidavit, would it be necessary for the judge to retire? And what should be done if dreams or visions were the basis of an alleged belief?

The conclusion announced gives effect to the statute which seems unwarranted by its terms and beyond the probable intent of Congress. Bias and prejudice are synonymous words and denote "an opinion or leaning adverse to anything without just grounds or before sufficient knowledge"—a state of mind. The statute relates only to adverse opinion or leaning towards an individual and has no application to the appraisement of a class, e. g., revolutionists, assassins, traitors.

To claim personal bias without more is insufficient; "the facts and the reasons for the belief that such bias or prejudice exists" must be set out, and plainly, I think, this must be done in order that the judge or any reviewing tribunal may determine whether they suffice to support honest belief in the disqualifying state of mind.

Defendants' affidavit discloses no adequate ground for believing that personal feeling existed against any one of them. The indicated prejudice was towards certain malevolents from Germany, a country then engaged in hunnish warfare and notoriously encouraged by many of its natives who, unhappily, had obtained citizenship here. The words attributed to the judge (I do not credit the affidavit's accuracy) may be fairly construed as show-

ing only deep detestation for all persons of German extraction who were at that time wickedly abusing privileges granted by our indulgent laws.

Of course, no judge should preside if he entertains actual personal prejudice towards any party and to this obvious disqualification Congress added honestly. entertained belief of such prejudice when based upon fairly adequate facts and circumstances. Intense dislike of. a class does not render the judge incapable of administering complete justice to one of its members. A public officer who entertained no aversion towards disloyal German immigrants during the late war was simply unfit for his place. And while "An overspeaking judge is no well tuned cymbal" neither is an amorphous dummy unspotted by human emotions a becoming receptacle for judicial power. It was not the purpose of Congress to empower an unscrupulous defendant seeking escape from merited punishment to remove a judge solely because he had emphatically condemned domestic enemies in time of national danger. The personal concern of the judge in matters of this kind is indeed small, but the concern of the public is very great.

In my view the trial judge committed no error when he considered the affidavit, held it insufficient, and refused to retire.