BERGER et al. v. UNITED STATES. (Circuit Court of Appeals, Seventh Circuit. April 26, 1921.) No. 2710. In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois. Victor L. Berger, Adolph Germer, William F. Kruse, Irwin St. John Tucker, and J. Louis Engdahl were convicted of violating the Espionage Act, and they bring error. Reversed and remanded, with directions, pursuant to Supreme Court's answers to certified questions. 255 U. S. 22, 41 Sup. Ct. 230, 65 L. Ed. ——. Seymour Stedman, of Chicago, Ill., Henry F. Cochems, of Milwaukee, Wis., and Henry F. Cash, for plaintiffs in error. Joseph B. Fleming, of Chicago, Ill., for the United States. Before BAKER, ALSCHULER, and PAGE, Circuit Judges.

PAGE, Circuit Judge. The plaintiffs in error were under indictment in the United States District Court for the Northern District of Illinois, charging them with a violation of an act of Congress of June 15, 1917, known as the Espionage Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10212a–10212h). When their case was called for trial they made a motion, supported by an affidavit of prejudice of the judge, which is fully set out in the opinion of the Supreme Court of the United States, hereinafter referred to. The motion was overruled and the petition denied. The judge proceeded with the trial, which resulted in a conviction, and the action of the court in overruling the motion and denying the petition and presiding at the trial has been here assigned as error. This court, desiring the advice and instruction of the Supreme Court of the United States, certified to said court the following questions: "(1) Is the aforesaid affidavit of prejudice sufficient to invoke the operation of the act which provides for the filing of affidavit of prejudice of a judge? (2) Did said Judge Landis have the lawful right to pass upon the sufficiency of the said affidavit of his prejudice, or upon any question arising out of the filing of said affidavit? (3) Upon the filing of the said affidavit of prejudice of said Judge Landis, did the said Judge Landis have lawful right and power to preside as judge on the trial of plaintiffs in error upon said indictment?" Upon consideration of said questions, the court, by opinion rendered January 31, 1921, and printed in 255 U. S. 22, 41 Sup. Ct. 230, 65 L. Ed. ——, made the following answers thereto:

"It is the opinion of this court that the first question certified must be answered in the affirmative, that the second question certified must be answered that, to the extent indicated in the opinion, Judge Landis had a lawful right to pass upon the sufficiency of the affidavit; and that the third question certified must be answered in the negative"—which answers have been certified to this court. By reason of the error in the record, as indicated in the an-

swers of the Supreme Court, the judgment is reversed, and the cause remanded to the District Court for further proceedings in harmony with said findings of the Supreme Court.