## STATE EX REL. ANNA FICKLING v.
## JOSEPH J. MORIARTY.[1]

November 1, 1940.

No. 32,716.

*George T. Havel* and *Edwin C. Kraus,* for relator.
*Harold G. Dressel* and *Moonan & Moonan,* for respondent.

LORING, JUSTICE.

This cause comes before this court on a petition for a writ of prohibition to prevent the judge of the eighth judicial district from presiding at a hearing on an order to show cause in a divorce proceeding where the plaintiff sought support, maintenance, counsel fees, and other relief during the pendency of the action. The order to show cause was issued by the court commissioner of Le Sueur county on the 10th day of September, 1940, and was returnable before the district court at chambers in that county on the

[1]Reported in 294 N. W. 473.

16th of that month, at which time the plaintiff made and filed an affidavit of prejudice against the Honorable Joseph J. Moriarty, the sole judge in that district. The affidavit was not filed and served until after the time set for the hearing, but, as we dispose of the case, that becomes immaterial.

The rights of the parties and the disposition of the matter before us depends upon the proper construction to be placed upon 2 Mason Minn. St. 1927, § 9221, as last amended by L. 1937, c. 237, 3 Mason Minn. St. 1940 Supp. § 9221.[2] Section 9221 originated as L. 1895, c. 306. It then applied only in districts having three or more judges and only to trials. L. 1919, c. 92, amended the section so as to include hearings on motions, orders to show cause, or arguments on demurrer, the additional provision being inserted immediately after the provision in regard to trial. It then read: "Any party to a cause pending in a district court having three or more judges, within one day after it is ascertained which judge is to preside at the trial thereof, *or at the hearing of any motion, order to show cause, or argument on demurrer,* may make and file * * * an affidavit." It will thus be seen that the italicized phrases were inserted solely for the purpose of permitting affidavits of prejudice to be filed in case of motions, orders to show cause, or arguments on demurrer, as well as the trial of causes. L. 1927, c. 283, amended the section so as to make it apply to districts having two or more judges. L. 1937, c. 237, again amended the section with

[2]NOTE: Attention is invited to the omission of the word "or" in the fourth line of § 9221, as printed in the 1940 Supplement to Mason Minn. St. and the substitution in the same line of the word "therefor" for the word "thereof." The correct phrase is "thereof or" as it appears in the original act on file in the Secretary of State's office and published in the Session Laws for 1937. As published in the Supplement, the section would apply only to districts of two or more judges, the change in the language entirely changing the scope of the section.

the evident purpose of making it applicable to all districts, even where there was but one judge. It required that the affidavit be filed ten days prior to a general term or five days prior to a special term except in districts having two or more judges, when, as previously provided, it might be filed within one day after it was ascertained which judge was to preside at the trial or at the hearing of any motion. It is the contention of the petitioner that the section permits the filing of the affidavit at the hearing of a motion, order to show cause, or argument on demurrer. We cannot so interpret the section. If § 9221 in its present form were an original enactment, its literal wording might lend itself to the interpretation which the relator seeks to give it, although, as we regard the law, that interpretation would lead to an absurd result. As we look at it, the legislative history of the section deprives the relator of the foundation of her contention. The clause "or at the hearing of any motion" etc. was inserted for the sole purpose of making the section applicable to such hearings as well as to the trial of causes and was not intended to apply at all to the time of filing the affidavit. If the statute is to be given any application to matters heard in chambers in a one-judge district, and in view of the powers of a district judge in chambers under our practice, we think the legislature intended that it should so apply; we think it can only be interpreted as requiring the filing of the affidavit five days before the motion is to be heard, as required for matters at special terms in such districts. Any other interpretation would lead to the absurd result of requiring less time in such matters to get another judge in one-judge districts than in districts having two or more judges, where a substitute may more readily be obtained. The legislature could have had no such intent. The last amendment seems to have been drafted with complete indifference to clarity, but it appears to have been the legislative purpose to extend all the provisions of

the section to districts having but one judge, and this was done with full recognition of the greater inconvenience that might be occasioned in such districts. Consequently, the ten- and five-day requirements were inserted. We think the five-day provision applies to hearings before the court in chambers as well as at special terms. To construe it otherwise would eliminate hearings in chambers in one-judge districts from the benefits of the act, an interpretation not compatible with our conception of the legislative intent. In the case at bar the parties were aware at the time of the issuance and service of the order to show cause of the identity of the judge before whom the motion would normally be heard, and therefore an affidavit of prejudice, even if filed at the commencement of the hearing, was too late to meet the requirements of § 9221, as amended by L. 1937, c. 237.

With great reluctance, we refer to the situation disclosed by the affidavits and record in this case. They reflect a situation which does not contribute to the harmonious administration of justice. It seems to us that it could and should be corrected by a frank, forthright discussion between the court and counsel. The rights of litigants rather than either the real or imaginary differences between counsel and the court should have paramount consideration, and we make this suggestion in the expectation that, in the future, personal grievances will be forgotten, and the sole consideration in the presentation of cases will be a fair and just result. Justice demands no less. Berger v. United States, 255 U. S. 22, 41 S. Ct. 230, 65 L. ed. 481, is of interest.

Stay order vacated and writ of prohibition quashed.

MR. CHIEF JUSTICE GALLAGHER took no part in the consideration or decision of this case.