OPINION OF THE COURT
David B. Saxe, J.
In the IAS system — Civil Term, from time to time in the course of settlement negotiations, the court is called upon to render an assessment of the merits of a claimant’s case and to recommend a monetary figure. However, because the same Judge who conferences the case will ultimately preside over the trial if a settlement is not reached, a question arises as to whether the Judge should be disqualified based on his alleged prejudgment of the merits of the case. Such a prejudgment forms the basis of plaintiff’s motion to compel my recusal.
Before reciting the facts of the present case, a brief discussion of the relevant judicial procedure is warranted. Prior to *501 the present IAS system, the Master Calendar system was in effect. A Judge would conference the case with counsel in order to promote a settlement. If a settlement was not reached, from a backup of approximately six Judges, a new Judge was selected to preside over the trial. Because this system proved inefficient, the present IAS system was instituted. Here, the same Judge who participates at a case conference presides over the trial. The rules mandate that the Judge be integrally involved in the disposition of the case. Both plaintiffs and defendants are well aware of this practice.
The present motion stems from specific comments made by me during my utilization of this mandated hands-on approach. After listening to the contentions of both sides at a settlement discussion (albeit without the benefit of a full record), I determined that there were inadequacies pertaining to the claim and I did express these thoughts to both sides, although not in the inarticulate language proffered by the plaintiff’s counsel.
I also advised the defendant to make a motion for summary judgment. This, I advised the parties, was a way to search the available record based on the applicable law. At this time, plaintiff made a motion to compel my recusal based on what she perceives as my bias against her, developed from my conferencing of her case.
The issue is whether my remarks during a settlement conference based on the available evidence regarding the merits of plaintiff’s case rise to the level of bias or prejudice sufficient to compel my recusal.
Preliminarily, it should be noted that procedures analogous to those mandated by the IAS system have prompted one commentator to write that there is "a fundamental tension inherent in judicial disqualification law: the conflict between the basic due process mandate of an impartial judiciary and the need for efficient administration of justice and conservation of judicial resources.” (Bloom, Judicial Bias and Financial Interest as Grounds for Disqualification of Federal Judges, 35 Case W Res L Rev 662, 663 [1984-1985].) However, it is the recognition of this conflict that has necessitated certain statutes and judicially created standards to insure judicial impartiality.
Section 14 of the Judiciary Law provides in pertinent part that "[a] judge shall not sit as such in, or take any part in the decision of, an action, claim, matter, motion or proceeding to *502 which he is a party, or in which he has been attorney or counsel, or in which he is interested, or if he is related by consanguinity or affinity to any party to the controversy within the sixth degree.” This is an express statutory disqualification. In the absence of an express statutory violation, the decision on a recusal motion based on alleged bias and prejudice is generally a matter of a Judge’s personal conscience. (People v Smith, 63 NY2d 41, 68 [1984].)
In addition, Code of Judicial Conduct Canon 3 (C) (1) provides that a Judge should disqualify himself when his
"impartiality might reasonably be questioned, including but not limited to instances where:
"(a) he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding”.
This guideline is to be observed by a Judge in deciding upon the issue of his disqualification.
The discretion left to each individual Judge stems from the interest in the efficient administration of justice. It is untenable to require Judges to recuse themselves whenever even an unsupported allegation of bias is made. One would be hard pressed to find a Judge that would completely satisfy all litigants and such a system would undoubtedly promote the undesirable problem of Judge shopping. Therefore, if a Judge, surveying the circumstances, believes he is able to preside impartially over the proceedings before him, he is able to do so.
Because there is a lack of State law specifically on this issue, a discussion of Federal decisions is instructive. The Supreme Court of the United States has set forth a relevant standard for the disqualification of Federal Judges: "The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.” (United States v Grinnell Corp., 384 US 563, 583 [1966], citing Berger v United States, 255 US 22, 31 [1921].) In a particularly analogous situation, the court in Grinnell examined statements made by a Judge during pretrial conferences. The Judge had advised the defendants to settle, explaining " '[y]ou would do better to get together with the government rather than run the risk of what I would say *503 from what I have seen. Let me just assure you of that’ ”. (Supra, at 581.)
Defendants then filed a motion for disqualification on the grounds of personal bias and prejudice. The court, however, found that any remarks made by the Judge that could be construed as adverse to defendants, "were [merely] based on his study of the depositions and briefs which the parties had requested him to make.” (United States v Grinnell Corp., 384 US, at 583, supra.) The court held in effect that an opinion on the merits of a case that a Judge acquires from the evidence is not considered personal bias.
In the present case, plaintiff cites Sardino v State Commn. on Judicial Conduct (58 NY2d 286 [1983]) in support of her motion. However, the facts of Sardino are easily distinguishable from the facts underlying the instant action. In Sardino, the Syracuse City Court Judge presiding over criminal actions was charged with numerous acts of misconduct. It was alleged that during arraignments, he "created the impression that he did not respect the rights of defendants and lacked the temperament and impartiality required of a Judge.” (Supra, at 289.) Specifically, the Judge failed to inform the defendants of a right to counsel and failed to assign counsel to indigent defendants. Further, he arbitrarily set bail or ordered defendants to be held without bail, disregarding the statutory standards. Finally, he often made disparaging remarks to defendants and acted in an adversarial manner, often eliciting incriminating statements from them. After discussing the standards of impartiality required of judicial officers, the court held this Judge to have grossly abused judicial power and process and removed him from office. (Supra, at 291-292.)
Under the present circumstances, my advice to defendant to make a motion for summary judgment hardly rises to the level of the gross misconduct of the Judge in Sardino (supra) or even the alleged adverse statements made by the Judge in Grinnell (supra). Rather, my remarks simply arose from the IAS system’s mandated procedures and it might be instructive to point out that the invitation to make such a motion does not presage an eventual decision. I have had the opportunity to advise a party to make such a motion and then upon a review of all papers, to issue an order denying such motion.
If and when the defendant brings on a motion for summary judgment, the plaintiff will have a full and complete opportu *504 nity to develop her position. If the defendant chooses not to make such a motion, the plaintiff will have a full opportunity to present her case at a jury trial.
In short, the plaintiff is not limited by the evaluation made by the court on the material available to it. The only limitation that may affect the plaintiff lies with the facts of the case.