

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00602-CR

Kenneth **MUNA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 83rd Judicial District Court, Val Verde County, Texas
Trial Court No. 12715CR
Honorable Robert Cadena, Judge Presiding

Opinion by: Karen Angelini, Justice

Sitting: Karen Angelini, Justice
Marialyn Barnard, Justice
Rebeca C. Martinez, Justice

Delivered and Filed: July 1, 2015

AFFIRMED

Kenneth Muna appeals his conviction for two counts of aggravated sexual assault of a child. Muna was sentenced to two life sentences, to be served consecutively. In one issue on appeal, Muna argues the trial judge's comments made during voir dire concerning probation amounted to structural error, resulting in a denial of his right to a fair and impartial judge. We affirm.

### BACKGROUND

During voir dire, the judge instructed the jury at length about various matters concerning the trial. The judge explained both the guilt/innocence and punishment phases of the trial. In

ascertaining whether the jurors could consider the full range of punishment, the trial court advised

the jury that the possible punishment range was not less than two nor more than twenty years

imprisonment and a fine of up to $10,000. The judge also told the jury that probation was a

possibility.[1] In informing the jury that in order to consider probation, the punishment assessed

must be less than ten years, the trial judge stated the following:

> Probation is where there is not a confinement period in the penitentiary, but rather that individual is placed on probation and he is supervised by the probation department and under the terms and conditions that are set by this Court. Of course, I also set the conditions of the probation. You don't do that. You just say whether there is to be probation or not. Only if the term of confinement is for ten years or less will you consider giving probation. In other words, you sentence him in that range of punishment, the two to twenty, *and you somehow come up with ten years or less as an appropriate punishment.* Then you also find that he has never been convicted before of a felony, so then you can recommend a probated sentence. In that event, I must grant it.

> Now all of the parties here need to know if you can consider that option or not. Nobody is binding you right now one way or the other, because you haven't heard the facts of the case. But you just have to be able to consider the full range of punishment, and probation is up here if the sentence is ten years or less.

> All the punishment matters is that you can consider that range of punishment only after hearing all of the evidence in the case. That's the only way that you would be able to consider it, is after you have heard everything.

> *Now that's just a possibility, a possibility of probation,* but that's only if you have found him guilty and the term of confinement that you set is ten years or less. Now the definition of consider is that you just have to think carefully about it. That suggests that you have to make an objective reflection and reason about it, and that you're not simply going to just jump to a certain conclusion. You have got to think about it.

(emphasis added). Muna did not object to the trial judge's comments.

---

[1]The State points out in its brief that the punishment range discussed by the judge was inaccurate. In fact, Muna was not even eligible for probation. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 4(d)(5) (West Supp. 2014) (stating defendant not eligible for probation if convicted of aggravated sexual assault where the victim was younger than fourteen years of age at the time of the offense). Muna, however, does not complain of the inaccuracy of the judge's discussion with the jury during voir dire.

## DISCUSSION

Muna's complaint is that the italicized portions of the above-quoted instruction "resulted in structural error, thereby denying [him] of his constitutional right to a fair and impartial judge." In *Arizona v. Fulminante*, 499 U.S. 279, 294 (1991), the Supreme Court explained that some errors strike "at fundamental values of our society" and "undermine[] the structural integrity of the criminal tribunal itself." Such "structural" errors are "not amenable to harmless-error review."[2] *Id.* Among these structural errors is the denial of an impartial judge.[3] *See id.* The "presence on the bench of a judge who is not impartial" deprives a defendant of his basic protections and infects the entire trial process from beginning to end. *Id.* at 309-10. The constitutional deprivation of an impartial judge affects the "framework within which the trial proceeds" and prevents the criminal trial from "reliably serv[ing] its function as a vehicle for determination of guilt or innocence." *Id.* at 310. Muna claims the trial judge's comments "indicated his opinion of the merits of Muna's application for probation," showing that he was not impartial. We disagree.

In discussing judicial bias and partiality, the United States Supreme Court has explained that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). And, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* "Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel,

---

[2]A defendant does not waive structural error by failing to lodge an objection at trial, and structural error may be brought for the first time on appeal. *See Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

[3]Structural error has been found in a very limited class of cases: a total deprivation of the right to counsel, lack of an impartial trial judge, unlawful exclusion of grand jurors of defendant's race, the right to self-representation at trial, the right to a public trial, and an erroneous reasonable-doubt instruction the jury. *See Johnson v. United States*, 520 U.S. 461, 468-69 (1997). "Most constitutional errors are not 'structural'; that is, they can be harmless." *Mendez*, 138 S.W.3d at 340.

the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Id.* "They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible."[4] *Id.* (emphasis in original). "*Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display." *Id.* at 555-56. (emphasis in original).

The two specific statements about which Muna complains were contained in the trial judge's general voir dire and had to do with the possibility of sentencing Muna to probation. Specifically, Muna complains of the statements, "*and you somehow come up with ten years or less as an appropriate punishment*," and "*[n]ow that's just a possibility, a possibility of probation*." (emphasis added). Considering these statements in the context of the trial judge's general voir dire, there is nothing in these statements that show the trial judge was biased or partial. We therefore conclude the record does not support Muna's claim of structural error and affirm the judgment of the trial court.

Karen Angelini, Justice

Do not publish

---

[4] The Court cited the trial judge's comments in *Berger v. United States*, 255 U.S. 22 (1921), as such an example. *Liteky*, 510 U.S. at 555. In *Berger*, 255 U.S. at 28, which was a World War I espionage case against German–American defendants, the trial judge stated, "One must have a very judicial mind, indeed, not [to be] prejudiced against the German Americans" because their "hearts are reeking with disloyalty."