**In re CHANDLER'S COVE INN, LTD., Debtor.**

**Lisa SCOTT, a minor, by her parent and natural guardian Shari SCOTT, Plaintiff,**

**v.**

**Robert L. PRYOR, Defendant.**

**Robert L. PRYOR (Trustee in Bankruptcy of the Estate of Chandler's Cove Inn, Ltd., Case No. 086–60950–21), Counterclaim-plaintiff**

**v.**

**Lisa SCOTT, a minor, by her parent and natural guardian Shari SCOTT, Shari Scott and Paul Scott, Counterclaim-defendants.**

**Bankruptcy No. 086–60950–21.
Adv. No. 087–0070.**

United States Bankruptcy Court,
E.D. New York.

May 20, 1987.

Ahmuty, Demers & McManus, Garden City, N.Y., Robert L. Pryor, Mineola, N.Y., for defendant/trustee.

Frank Krotschinsky, Speonk, N.Y., for applicants Lisa Scott, Shari Scott and Paul Scott; Charles E. Morrison, New York City, of counsel.

DECISION

MARVIN A. HOLLAND, Bankruptcy Judge:

This motion seeks to disqualify Bankruptcy Judge Marvin A. Holland from presiding over this adversary proceeding pursuant to 28 U.S.C. §§ 144 and 455. At the outset, it must be emphasized that this court recognizes the important role that the recusal section serves as a critical safeguard in our judicial system. However,

this court is also mindful that recusal motions which are too liberally granted are tantamount to unilateral "judge-shopping" and may be used as a delaying tactic, for their disposition requires a serious investment of judicial time and thought.

## FACTS

This action was originally commenced in the Supreme Court of the State of New York, County of Suffolk. The plaintiffs, Lisa Scott, a 13-year old minor, and Shari Scott, her parent and natural guardian, seek compensation for "extreme emotional harm" allegedly inflicted upon the minor by Robert L. Pryor, the former Chapter 7 trustee in the case of Chandler's Cove Inn, Ltd.[1] On February 13, 1987 this tort action was removed to the Bankruptcy Court for the Eastern District of New York.

On March 14, 1987, Bankruptcy Judge Cecelia H. Goetz signed an Order to Show Cause scheduling a hearing on the plaintiffs' application for an order (1) remanding the intentional tort action back to the State Supreme Court, (2) dismissing the defendant's removal application, (3) remanding the action back to the U.S. District Court if the court denied the application for remand back to the state court, and (4) awarding the plaintiffs and counterclaim-defendants reasonable costs including reasonable attorneys' fees.

Following the entry of this Order to Show Cause, Judge Goetz determined that to avoid the appearance of any impropriety, she would recuse herself from presiding over this particular adversary proceeding. Judge Goetz recused herself since Mr. Pryor had spoken to the Judge about the existence of this intentional tort action before its removal.

Thereafter, this adversary proceeding was reassigned by random selection and transferred to the undersigned on March 20, 1987. On April 6, 1987, the adjourned date for this Order to Show Cause, this court denied each portion of the plaintiffs' Order to Show Cause. On April 13, 1987 the plaintiffs then moved for an order of recusal and reassignment. That motion came before this court on April 20, 1987 and is the subject of this Decision.

The basis for the motion is a statement made by the court during the course of the April 6 hearing. Although their moving papers do not contain a copy of the transcript, it appears that the movants take issue with the following statement:

THE COURT: I'm concerned with the jurisdiction of any Court to hear the action, absent an application and an order granting leave to join an officer of this Court as a Defendant in proposed litigation. An issue that nobody seems to be cognizant of.

I have serious doubts in my own mind as to the propriety of commencing any action against an officer of this Court, absent prior authorization of the Court to commence such an action, whether the action is commenced in this court. An issue that nobody seems to have addressed.

Based on this statement, the movants reason that the "apparent conflict of interest and prejudice that would accrue to the minor child, shocks the conscience and is deserving of careful scrutiny by this Court." Pltf's Notice of Motion at 6. The movants go on to argue that:

Disqualification of this Court as to all matters related to the instant adversary proceeding is appropriate due to the conflicts of interest inherent here and the high likelihood of and potential for acts of partiality (although not specifically intended) on the part of the Court toward an appointed trustee of its choice. Applicants verily believe that this Court is

1. The debtors filed a petition seeking relief under Chapter 7 of the Bankruptcy Code on September 26, 1986. The case was assigned to Hon. Cecelia H. Goetz, Bankruptcy Judge for the Eastern District of New York, who continues to preside over the bankruptcy case. Robert L. Pryor was appointed Interim Trustee by an Order dated December 18, 1986. On January 1, 1987 an Order was entered authorizing Mr. Pryor to retain himself as attorney for the trustee. Subsequently, an Order was signed on April 24, 1987 by the Honorable Marvin A. Holland, Bankruptcy Judge Acting for Judge Goetz, converting this case to one under Chapter 11 and thereby discharging Mr. Pryor from his post as Chapter 7 trustee.

biased against them or in favor of PRYOR, the interim trustee in the CHANDLER'S INN bankruptcy, and the individual defendant herein. While applicants do not suggest that the Court engaged in wrongdoing, applicants respectfully submit that more than an appearance of impropriety exists where a Bankruptcy Court Judge refuses to recognize the rights of a child, not under his jurisdiction, to seek redress for tortious acts committed against her, in the New York Supreme Court or to seek vindication of her rights within a forum where an impartial jury of her peers will be the fact finders relative to her claims. *Id.* at 7.

In a subsequent affirmation, the movants made additional allegations of partiality based upon the statement made at the April 6 hearing, contending that

[t]here can be no doubt that Lisa Scott and Robert Pryor did not enter Judge Holland's courtroom in the remand motion on a equal footing. Pryor already had a substantial "leg up" if not a win "hands-down". It is submitted that there is substantial evidence on the record to support the proposition that there was no way that Lisa Scott could obtain a fair hearing before an impartial Court at the time Judge Holland heard her remand motion. Pltfs' Reply Affirmation at 12–13.

The allegation is also made that there exists "a significant relationship of 'privity'" between Judge Holland and Mr. Pryor. Reply Affirmation at 13. It is argued that this alleged "relationship of priv-

ity" and the "strong connecting link between Judge Goetz' Court and Judge Holland's Court" provided Mr. Pryor with "protections ... probably far beyond his wildest dreams." *Id.* This absurd and convoluted reasoning leads them to draw the conclusion that this court's action at the April 6 hearing is an example of:

discretionary power on the part of an Article I Judge [which] could reduce the state Court system to a shambles, helpless and without authority to conduct the business of the state. Federal court employees could run rampant in the streets, committing mayhem at will if they so desire and all they would need to cloak them in immunity would be the favor of an Article I Judge. *Id.* at 14.

These are accusations that cannot be dismissed lightly.

It is abundantly clear that the primary basis for plaintiffs' recusal motion is the fact that the rulings made by this court on April 6 were adverse to their interest. This court cannot find anything in the plaintiffs' papers that would support a finding that there was any other plausible basis for their recusal motion. This court must therefore determine whether an adverse ruling by a judge can create the appearance of bias such that a motion for recusal would be justified; and then must address the allegations of impartiality.

## DISCUSSION

The plaintiffs move for disqualification under 28 U.S.C. §§ 455[2] and 144[3]. That

2. 28 U.S.C. § 455

(a) Any justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding.

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

(i) Is a party to the proceeding, or an officer, director, or trustee of a party;

portion of plaintiffs' motion which seeks disqualification under 28 U.S.C. § 455 can be resolved without the need of elaborate analysis.

Section 455 requires the judge to disqualify himself when "his impartiality might reasonably be questioned". In their moving papers, the movants claim that there exists some type of conspiratorial relationship among Judge Goetz, Judge Holland and Robert L. Pryor which prevents an impartial trial. This partiality, it is argued, justifies disqualification.

The policy behind the enactment of 28 U.S.C. § 455 is a concern with "the appearance rather than the fact of bias or prejudice." *Balistrieri v. U.S.*, 497 F.Supp. 1283, 1290 (E.D.Wis.1980). When determining whether disqualification for impartiality under § 455(a) is warranted, the court must consider "whether a reasonable member of the public at large, aware of all the facts, might fairly question the court's impartiality." *U.S. v. Ferguson*, 550 F.Supp. 1256, 1260 (S.D.N.Y.1982). The pertinent legislative history of Section 455(a) instructs the court how to proceed when faced with such a motion.

> [I]n assessing the reasonableness of a challenge to his impartiality, each judge must be alert to avoid the possibility that those who would question his impartiality are in fact seeking to avoid the consequences of his expected adverse decision. Disqualification for lack of impartiality must have a reasonable basis. Nothing in this proposed legislation should be read to warrant the transformation of a litigant's fear that a judge may decide a question against him into a "reasonable fear" that the judge will not be impartial. Litigants ought not to have to face the

judge when there is a reasonable question of impartiality, but they are not entitled to judges of their own choice. 1974 U.S.Code Cong. and Admin.News at 653–55.

It has to be emphasized that this court, or any other trial court, has an *obligation* to hear a matter "unless some reasonable factual basis to doubt the impartiality or fairness of the tribunal is shown by some kind of probative evidence." *Blizard v. Frechette*, 601 F.2d 1217 (1st Cir.1979). In fact, the United States Supreme Court has recently stated that "only in the most extreme of cases" would disqualification on the basis of bias or prejudice be constitutionally mandated. *Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 106 S.Ct. 1580, 89 L.Ed.2d 823 (1986).

■ Plaintiffs' bold assertion that this court's alleged complicity with Mr. Pryor would provide him with protections "probably far beyond his wildest dreams" is not reasonably based on any factual showing made in either the plaintiffs' papers or presented to this court during the April 20 hearing. The plaintiffs have presented no probative evidence which would provide a factual basis to prove that this court would be partial towards Mr. Pryor. Plaintiffs' conclusory statement and unsupported beliefs are of no effect. Indeed, if this court were to recuse itself simply because Mr. Pryor had been a court-appointed officer at some point in the case then a great percentage of adversary proceedings and motions brought on by Chapter 13, Chapter 7 and Chapter 11 trustees would have to be heard by a different bankruptcy judge than the judge who is presiding over the bankruptcy

(ii) Is acting as a lawyer in the proceeding;
(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

**3.** 28 U.S.C. § 144 states:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any ad-

verse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

case in chief. Such a result would clearly be ludicrous.

This court therefore finds that plaintiffs' conclusory statements and unsupported beliefs are of no effect. Plaintiffs' "[f]rivolous and improperly based suggestions that a judge recuse [under 28 U.S.C. § 455(a)] should be firmly declined." *Maier v. Orr*, 758 F.2d 1578 (Fed.Cir.1985).

This court also finds that plaintiffs have failed to make any showing that disqualification is warranted under 28 U.S.C. § 455(b)(2), (3), (4) and (5) and that portion of § 455(b)(1) which requires disqualification when the judge "has personal knowledge of disputed evidentiary facts concerning the proceeding." Since the remaining portion of § 455(b)(1) is virtually identical to 28 U.S.C. § 144, the issues raised under that section will be discussed in the following paragraphs.

When faced with a motion for disqualification under 28 U.S.C. § 144, a judge has a sworn duty to retain a matter absent a showing that there are sufficient grounds to justify recusal. *E.g. U.S. v. Diorio*, 451 F.2d 21 (2nd Cir.1971); *Lazofsky v. Sommerset Bus Co. Inc.*, 389 F.Supp. 1041 (E.D.N.Y.1975). Again, the plaintiffs base their motion for recusal under § 144 in great part on a statement made by this court during the April 6 hearing, at which time the plaintiffs' motion for remand was denied. It is alleged that the court's remarks indicate that it is so biased in favor of Mr. Pryor that recusal is necessary to insure a fair trial.

█ In order to support a recusal motion on the basis of bias under § 144, the applicant must demonstrate that the alleged bias is personal in nature. *U.S. v. Int'l Bus Machines Corp.*, 618 F.2d 923 (2d Cir. 1980). "The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge has learned from his participation in the case." *U.S. v. Grinnell Corp.*, 384 U.S. 563, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966); See also, *Berger v. U.S.*, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921). Plaintiffs have failed to produce any shred of evidence which would demonstrate that this court has become biased in favor of Mr. Pryor as a result of information obtained from an extrajudicial source.

█ After stripping away all of the hyperbole contained in plaintiffs' papers, it is clear that this court's ruling on April 6 denying their motion for remand is what prompted the plaintiffs to move for recusal under § 144. This court's earlier denial of plaintiffs' remand motion is not a sufficient reason to justify recusal at this point in time. The law is clear in stating that a motion for recusal can never be based upon a judge's adverse rulings made during the course of a proceeding. *E.g. Berger v. U.S.*, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921); *Ex parte American Steel Barrel Co.*, 230 U.S. 35, 33 S.Ct. 1007, 57 L.Ed. 1379 (1913); *U.S. v. Int'l Business Machines Corp.*, 618 F.2d 923 (2d Cir.1980); *King v. U.S.*, 576 F.2d 432 (2d Cir.1978); *Phillips v. Joint Legislative Comm.*, 637 F.2d 1014 (5th Cir.1981).

█ Although the plaintiffs never clearly made this point in their papers, it is possible that they also are trying to argue that this court's statement that "I have serious doubts in my own mind as to the propriety of commencing any action against an officer of this Court absent prior authorization of the Court to commence such an action, whether the action was commenced in this Court" indicates that it is biased in favor of Mr. Pryor. Even if this argument had been properly made, the plaintififs would still not prevail for it is fundamental that the mere fact that a judge has a particular view on the law or public policy which is relevant to a decision in a case is insufficient to warrant recusal due to bias. *E.g. Southern Pacific Communications v. A.T. & T.*, 740 F.2d 980 (D.C.Cir.1984).

Every person who has ever assumed the judicial responsibilities of necessity has certain pre-existing attitudes and opinions which must have some influence upon the decision-making process. "If a judge approached every case completely free of preconceived views concerning the relevant

law and policy, we would be inclined not to applaud his impartiality, but to question his qualification to serve as a judge." *Id.* at 991. By expressing its preconceived view upon an issue that may be relevant to this adversary proceeding, this court fervently believes that it has furthered the prospects for a fair trial by making all the parties aware of its thinking, thus enabling them to focus their efforts more efficiently. The argument that a court which conceals its human persuasions and predispositions is less biased than a court which openly acknowledges and thereby invites counsel to address them, is an argument so contrary to both logic and experience as to cast serious doubt upon its bona fides.

For the foregoing reason this court also denies plaintiffs' motion for recusal under 28 U.S.C. § 144.

Both movant and respondent have asked for sanctions. Sanctions in favor of movants are denied; sanctions against movants are reserved pending conclusions of the proceeding.

SO ORDERED.