**In re Jean F. FROTTIER,**
**Pro Se, Debtor.**

**Bankruptcy No. 86–02315–BKC–AJC.**

United States Bankruptcy Court,
S.D. Florida.

June 29, 1991.

Arthur Weitzner, Miami, Fla., for trustee.

Authur Rice, Rice & Risner P.A., Miami, Fla., for Guy Saunderson and New Moon.

Dexter Lehtien, U.S. Dist. Atty., Miami, Fla.

Richard Thornberg, Atty. Gen., Department of Justice, Washington, D.C.

## ORDER GRANTING MOTION FOR STAY AND DENYING MOTION TO DISQUALIFY

A. JAY CRISTOL, Bankruptcy Judge.

THIS CAUSE came before the Court upon the Debtor's Pro Se Motion for a Stay of Proceedings Pending Appeal filed April 19, 1991 and Motion to Disqualify filed April 23, 1991.

The Court will first address Debtor's Motion to Disqualify. Per allegations asserted in his motion, the Debtor requests an order recusing this Court on the basis that the judge is disqualified. Federal Rule Bankruptcy Procedure § 5004(a) provides:

A bankruptcy judge shall be governed by 28 U.S.C. § 455, and disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstance arises or, if appropriate, shall be disqualified from presiding over the case.

Pursuant to 28 U.S.C. § 455(a), a judge has a duty to disqualify himself when "his impartiality might reasonably be questioned." The operative word in the statute is "reasonable." *See In re International Business Machines*, 618 F.2d 923 (2d Cir.1980) (statute provides an objective standard for recusal, creating the so-called "appearance of justice" rule). In determining whether a judge should disqualify himself, one must ask what a reasonable person knowing all the relevant facts would think about the impartiality of the judge. *In re Olcese*, 86 B.R. 916 (Bankr.N.D.Oh.1988) (citations omitted).

■ The Debtor has alleged no factual basis for doubting the Court's impartiality. In his motion, Debtor generally alleges "this judge has not been impartial, has openly countenanced attempted extortion, fraud, collusion, perjury, and other crimes, committed by various officers of the court." Debtor then asserts that "the *entire* record is replete with continuing evidence of ... crimes committed by ... [a certain creditor's attorney, the trustee, and the trustee's attorney]." However, the debtor simply relies on the filing of various motions and the entry of various orders in this case as his basis for asserting the commission of "crimes" by court officers.

■ Debtor's motion is wholly insufficient in that it states no grounds on which this court should even consider entering an order disqualifying itself. To disqualify a judge pursuant to 28 U.S.C. § 455(a), one must allege bias derived from an extrajudicial source. *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966). "The nature of the judge's bias must be personal and not judicial." *In re Beard*, 811 F.2d 818, 827 (4th Cir.1987). All of the facts offered in support of the Motion to Disqualify pertain to judicial decisions or proceedings and not to extra-judicial sources.

■ Section 455, Title 28, United States Code, is not intended "to enable a discontented litigant to oust a judge because of adverse rulings made, for such rulings are reviewable otherwise." *Berger v. United States*, 255 U.S. 22, 31, 41 S.Ct. 230, 232, 65 L.Ed. 481, 483 (1921). Granting the Debtor the relief requested would certainly relieve this Court of any further duties pertaining to this estate; but, this Court has an obligation to hear all matters assigned to it "unless some reasonable factual basis to doubt the impartiality or fairness of the tribunal is shown by some kind of probative evidence." *In re Olcese*, 86 B.R. at 918. This Court harbors no personal bias or prejudice with respect to Mr. Frottier or his case that would warrant recusal or disqualification, and Debtor alleges no such bias or prejudice. 28 U.S.C. § 455(a).

As for the Debtor's Motion for a Stay of Proceedings Pending Appeal, this Court believes that cause exists to afford Debtor the relief he is requesting. Accordingly, it is

ORDERED that Debtor's Motion to Disqualify filed April 23, 1991 is DENIED. It is further

ORDERED that Debtor's Motion for Stay filed April 19, 1991 is GRANTED.

DONE and ORDERED.