[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14202
Non-Argument Calendar
_____

D.C. Docket No. 3:09-cv-00298-MMH-PDB


ANDREW P. MOORE, II,

Plaintiff-Appellant,

NATHAN SMALLS JR., et al.,

Plaintiffs,

versus

SHANDS HEALTHCARE, INC.,
corporate capacity, et al.,

Defendants,

GREGORY MILLER,
individually,
LESLI WARD,
individually,
DAN STAIFER,
individually,

SHANDS JACKSONVILLE MEDICAL
CENTER, INC.,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 4, 2015)

Before WILLIAM PRYOR, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Andrew Moore, a former security guard at Shands Jacksonville Medical Center, appeals *pro se* the summary judgment in favor of Shands and three of its managers, Gregory Miller, Lesli Ward, and Dan Staifer (collectively "Shands"). Moore complained about discrimination and retaliation based on his race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, and of his right to full and equal benefit of all laws, *id.* § 1981; and a hostile work environment because of racial discrimination and retaliation, *id.* Moore challenges the summary judgment against his claims; an order that suspended case deadlines pending adjudication of cross motions for summary judgment filed by the parties; and the denial of his motions for relief from the judgment and for recusal of the district court judge. We affirm.

2

This appeal is governed by two standards of review. We review *de novo* a summary judgment. *Owen v. I.C. System, Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011). We review for an abuse of discretion the order that suspended case deadlines and the denial of Moore's motions for relief from the judgment and for recusal. *See Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1243 (11th Cir. 2001) (scheduling order); *Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999) (motion for relief); *United States v. Scrushy*, 721 F.3d 1288, 1303 (11th Cir. 2013) (recusal).

Shands argues that Moore abandoned any challenge that he could have made to the summary judgment against his claims of discrimination, retaliation, and a hostile work environment, but we disagree. "[P]*ro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). Although Moore's argument is conclusory, it is sufficient to preserve his general contentions that the district court erred by entering summary judgment for Shands and against Moore. Moore contends that disputed issues of fact preclude summary judgment in favor of Shands, but Moore fails to identify what facts are in dispute or how they are material.

The district court did not err by entering summary judgment in favor of Shands and against Moore's claims of racial discrimination and retaliation. Moore

3

failed to establish a prima facie case of discrimination based on his termination for an incident in the close supervision unit because he could not identify a comparator who was similarly situated to him in all relevant aspects. *See Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997). Moore alleged that he was disciplined more harshly than two non-black security guards who were also involved in the incident, but a video recording of the event and witnesses' accounts established that Moore was the only guard who agitated a patient and quarreled with a nurse. Moore also failed to present any evidence to establish that any of the alleged acts of retaliation constituted adverse employment actions or that the reasons proffered for the acts were pretextual. *See Crawford v. Carroll*, 529 F.3d 961, 970–74 (11th Cir. 2008). Moore presented no evidence that the conditions of his employment were adversely altered when he received a performance appraisal in February 2008 or a revised appraisal in May 2008 that did not affect his compensation; when he was scolded for interrupting a security briefing and an administrative hearing; or when he worked a one-day shift as a dispatcher during training mandated for security guards. *See id.* at 970. And Shands' actions were not a pretext for retaliation: undisputed evidence established that Shands gave Moore a poor performance appraisal in October 2009, suspended him twice in June 2009, and eventually terminated him because of his insubordination and repeated maltreatment of co-employees and patients and that Shands refused to promote Moore to two positions

because they were cancelled due to inadequate funding and to a third position because he lacked required work experience. *See id.* at 974.

The district court also did not err in granting summary judgment to Shands when Moore failed to establish a prima facie case of a hostile work environment based on racial discrimination or retaliation. Moore's alleged harassment was not sufficiently severe or frequent enough to create a racially hostile work environment. *See McCann v. Tillman*, 526 F.3d 1370, 1378–79 (11th Cir. 2008). Moore overheard two racially disparaging remarks that were made by visitors to the hospital; he witnessed a third incident during which a security officer made some inappropriate jokes during a meeting; and he was told about three derogatory remarks made over a three-year period by different security guards. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S. Ct. 2275, 2283 (1998). The retaliatory conduct cited by Moore was not severe, nor did he establish that the conduct interfered with his job performance. *See Gowski v. Peake*, 682 F.3d 1299, 1312 (11th Cir. 2012). As the district court concluded, "[r]eceiving satisfactory job performance appraisals, being 'forced' to attend meetings or participate in a de-escalation course, hearing criticism about his resume, being denied the opportunity to inspect Shands' affirmative action plans, and having to get medical clearance after leaving work due to an injury, do not even suggest a workplace permeated with retaliatory 'intimidation, ridicule, and insult.'"

5

The district court also did not abuse its discretion when it suspended the deadlines set in the case management and scheduling order and denied Moore's postjudgment motions to vacate and to recuse. The district court had "discretion and authority to ensure that [its] cases move[d] to a reasonably timely and orderly conclusion," *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002), and it logically decided to suspend filing deadlines until it disposed of the parties' dispositive motions for summary judgment. Moore argues that the district court lacked authority to deny his motion to vacate before considering his motion to recuse when those motions were filed contemporaneously, but Moore fails to cite any authority holding that a district court must give priority to a motion to recuse. And a recusal was unwarranted. Moore moved for a recusal based on his dissatisfaction with the rulings of the district court, but adverse rulings provide grounds for an appeal, not a recusal. *See Loranger v. Stierheim*, 10 F.3d 776, 780 (11th Cir. 1994) (citing *Berger v. United States*, 255 U.S. 22, 31, 41 S. Ct. 230, 232 (1921)); *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990).

We **AFFIRM** the summary judgment in favor of Shands.